

**UNITED STATES DISTRICT COURT
DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

**ATTILA BIBER
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,**
Plaintiff

v.

**PIONEER CREDIT RECOVERY, INC.**

Serve:      **Corporation Service Company, Registered Agent
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, Va 23219**

**Defendant**

CASE NUMBER: 1 16 - cv-804
TSE/IDD

**CLASS ACTION
COMPLAINT**

**TRIAL BY JURY
DEMANDED**

June 7, 2016

## I. INTRODUCTION

1.   Attila Biber brings this suit on behalf of himself and all those similarly situated against

    Pioneer Credit Recovery, Inc., a debt collector, on account of its misrepresentation of and

    non-compliance with federal student loan rehabilitation law as described more fully below in

    violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

## II. JURISDICTION

2.   Jurisdiction in this Court is proper under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.   This Court has jurisdiction over the defendant and venue in this Court is proper, because

    the acts complained of occurred in this state and because the Plaintiff and the Class

    Members are residents of Virginia.

1

### III. PARTIES

4.   Attila Biber is a natural person residing in Fairfax, Virginia.

5.   The defendant Pioneer Credit Recovery, Inc. ("Pioneer") is a Delaware Corporation headquartered in Arcade, New York and is engaged in the collection of consumer debts. The Defendant uses instrumentalities of interstate commerce in the collection of debts. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, Defendant was a "debt collector" as that term is defined by the FDCPA.

### IV. FACTUAL ALLEGATIONS

6.   Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

7.   The Plaintiff was a debtor with federal student loans that were placed into default status.

8.   The Plaintiff's federal student loans were "debts" as that term is defined by the FDCPA.

9.   The loans were assigned to Pioneer for collection purposes.

10.  Under 34 CFR §34.5, prior to initiating wage garnishment of student loans, Pioneer is required to send a notice of proposed garnishment, said notice to include an explanation of the debtor's rights, including, but not limited to, those rights found at 34 CFR §34.6. Those rights include the right to inspect and copy records related to the debt, to enter into a written repayment agreement to repay the debt, and to demand a hearing in accordance with 34 C.F.R. 34.8 related to the debt.

11.  Prior to initiating wage withholding to collect on delinquent student loan payments, Pioneer sends a letter to Plaintiff and Class Members, entitled "Administrative Wage Garnishment Proceedings Notice". The letter is attached hereto as Exhibit A and is referred to as Letter A.

2

12. In its "Administrative Wage Garnishment Proceedings Notice", Pioneer fails to provide the notice of rights under 34 CFR §34.6, as required by 34 CFR §34.5.

13. In the alternative, if the "Administrative Wage Garnishment Proceedings Notice" is not the final notice provided to consumers prior to initiating wage garnishment, it falsely and deceptively implies that it is in order to create a false sense of urgency.

14. In describing the wage garnishment process, Letter A states:

> This may be your last opportunity to make satisfactory payment arrangements on your student loan(s). If these arrangements are not made, we will begin or continue the process of verifying your employment for Administrative Wage Garnishment...

15. Letter A, sent to Plaintiff on or about April 1, 2016, does not disclose to Plaintiff and Class Members that they can in fact have at least two other methods three avoid a garnishment: request a loan rehabilitation; object to the existence, amount or current enforceability of the debt; or file for bankruptcy and seek to discharge the debt with an undue hardship exemption.

16. Contrary to the statement in Letter A, Federal Law allows Plaintiff and Class Members to avoid a wage garnishment by submitting a request for a loan rehabilitation. Pending the evaluation of the loan rehabilitation, or during the pendency of the loan rehabilitation, Pioneer is prohibited from initiating a wage garnishment.

17. Further, contrary to the statement in Letter A, Federal Law allows Plaintiff and Class Members to avoid a wage garnishment by objecting to the existence, amount or current enforceability of the debt.

18.  Further, contrary to the statement in Letter A, Federal Law allows Plaintiff and Class Members to avoid a wage garnishment by filing a bankruptcy proceeding and seeking to discharge the debt with an undue hardship exemption.

19.  The debt that Defendant sought to collect from Plaintiff was originally incurred for personal, family, or household purposes.

## V.  CLASS ALLEGATIONS

20.  Paragraphs 1 through 19 are herein incorporated.

21.  Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class initially defined as follows:

> All natural persons who are residents of Virginia who are similarly situated to the Plaintiff in that, within one year of the commencement of this action and continuing to the date that an order is entered certifying this class, Pioneer sent them a letter in a form substantially similar or materially identical to Exhibit A.

22.  The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the class, although this information is known by the defendant and is readily ascertainable in discovery.  Based upon information readily available concerning the defendant, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and accordingly alleges that there are hundreds and, in all probability, thousands of individuals in the class.

23.  There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.

24.  Plaintiff's claims are typical of those of the Class that she seeks to represent.  In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of

4

the putative class.

25. Plaintiff is represented by counsel competent and experienced in both consumer protection specific to student loans, and class action litigation, and she has no conflicts with the members of the Class.

26. The common questions of law and fact predominate over any individual questions, in that the letters are form letters, and any individual questions are subordinate to the common questions of whether Pioneer violated the FDCPA by misrepresenting the class members' rehabilitation rights.

27. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the defendants. Moreover, because most class members are unaware of the right to make nine payments within ten months to qualify for rehabilitation, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

28. Injunctive relief is appropriate for the Class, under Fed. R. Civ. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members.

## VI.  CLAIMS FOR RELIEF
### FIRST CAUSE OF ACTION –
Claims for Violations of 15 U.S.C. §§ 1692 *et seq.*

29.     Paragraphs 1 through 28 are herein incorporated.

30.     Pioneer violated the FDCPA by falsely representing that it was going to perform an Administrative Wage Garnishment, without first providing the notices required by 34 CFR § 34.5 and 34.6.  In the alternative, Pioneer falsely implied that the Administrative Wage Garnishment Proceedings Notice was the Notice of Proposed Garnishment required under 34 CFR §34.5.  Pioneer's violations include, but are not limited to, the following:

   A.     It falsely represented a it had the authority to garnish wages at the time of the letter, if payment arrangements were not made at that time, in violation of 15 U.S.C. § 1692e, 1692e(4), 1692e(5) and 1692e(10).

   B.     It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e, 1692 e(2)(A) and § 1692e(10).

31.     Pioneer further violated the FDCPA by falsely representing Plaintiff and Class Members can avoid a wage garnishment by entering into a repayment agreement, without further disclosing that Plaintiff and Class Members could also avoid a wage garnishment by submitting a loan rehabilitation application.  Pioneer's violations include, but are not limited to, the following:

   A.     It falsely represented a that a wage garnishment could only be stopped by paying the loan in full or entering into a written agreement with Pioneer, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

6

B.      It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. §§ 1692e, 1692 e(2)(A) and 1692e(10).

32.      Pioneer further violated the FDCPA by falsely representing Plaintiff and Class Members can avoid a wage garnishment by entering into a repayment agreement, without further disclosing that Plaintiff and Class Members could also avoid a wage garnishment by filing for bankruptcy and seeking to discharge the debt with an undue hardship exemption.  Pioneer's violations include, but are not limited to, the following:

A.      It falsely represented a that a wage garnishment could only be stopped by paying the loan in full or entering into a written agreement with Pioneer, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

B.      It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. §§ 1692e, 1692 e(2)(A) and 1692e(10).

33.      Under15 U.S.C. § 1692k, Pioneer is liable to the Plaintiff and the Class Members to whom it sent the letter.

WHEREFORE, the Plaintiff seeks on behalf of herself and the class members, class certification and  statutory damages, actual damages, declaratory relief, and  a reasonable attorney's fee, and costs, and such other relief the Court deems appropriate.


**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ALL ISSUES**

PLAINTIFF, Attila Biber, Individually And
On Behalf Of The Class,

Thomas R. Breeden, Virginia Bar No 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel (703) 361-9277, Fax (703) 257-2259
trb@tbreedenlaw.com


Brian L. Bromberg
brian@brianbromberglawoffice.com
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel (212) 248-7906 Fax (212) 248-7908
Pro Hac Vice to be filed