UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ATTILA BIBER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PIONEER CREDIT RECOVERY, INC., <br><br> Defendant. | Case Number: <br> 16-CV-804 (TSE)(IDD) |

**Notice and Motion for Leave
To File Amended Complaint**

PLEASE TAKE NOTICE that on **Friday, September 16, 2016 at 10:00 a.m.** or as soon thereafter as counsel may be heard, Plaintiff, by counsel, will request that this Honorable Court grant leave to file the attached Amended Complaint, and in support thereof states as follows:

1. This matter was originally filed on July 1, 2016. The claims involve a letter sent by Defendant, a debt collector, to Plaintiff and similarly situated prospective class members, in an attempt to collect alleged student loan debts.

2. The letter was entitled "Administrative Wage Garnishment Proceedings Notice."

3. In describing the garnishment process, Letter A states:

    This may be your last opportunity to make satisfactory payment arrangements on your student loan(s). If these arrangements are not made, we will begin or continue the

1

process of verifying your employment for Administrative Wage Garnishment ….

4. In its "Administrative Wage Garnishment Proceedings Notice," Pioneer does not provide the notice of rights under 34 CFR § 34.6, as required by 34 CFR § 34.5. Under 34 CFR §34.5, prior to initiating wage garnishment of student loans, Pioneer is required to send a notice of proposed garnishment, said notice to include an explanation of the debtor's rights, including, but not limited to, those rights found at 34 CFR §34.6. Those rights include the right to inspect and copy records related to the debt, to enter into a written repayment agreement to repay the debt, and to demand a hearing in accordance with 34 C.F.R. 34.8 related to the debt.

5. Further analysis and discussion of the debt-collection letter with defense counsel has revealed that Defendant claims that the letter was nothing more than a threat to take wage-garnishment action.

6. By falsely sending out a document that looks like a wage-garnishment notice without actually sending a wage-garnishment notice, Defendant is attempting to create a false sense of imminent urgency, leading the student loan borrowers to believe that if they do not make payment

arrangement immediately, the next step is a wage garnishment. In fact, prior to a wage garnishment, the debt collector is required to send the additional notices found at 34 CFR §34.5.

7. In other words, by sending a fake garnishment notice, Defendant apparently thinks that it can avoid its obligations to provide consumers with notice that they have an opportunity *pre-garnishment* to:

   a. To inspect and copy our records related to the debt;

   b. To enter into a written repayment agreement with Defendant to repay the debt under terms Defendant considers acceptable;

   c. For a hearing in accordance with 34 CFR § 34.8 concerning –

       i. The existence, amount, or current enforceability of the debt;

       ii. The rate at which the garnishment order will require your employer to withhold pay; and

       iii. Whether you [the consumer] have been continuously employed less than 12 months after you were involuntarily separated from employment.

8. In the Complaint, Plaintiff alleged that Defendant violated the FDCPA by failing to provide these notices that must accompany a wage-garnishment notice and, that if these was not in fact a wage-garnishment notice, that Defendant deceptively tried to mimic a wage-garnishment notice so as to avoid having to provide a notice of rights under 34 CFR § 34.6.

9. Plaintiff further alleged that Plaintiff violated the FDCPA by falsely implying that there were no alternative to a wage garnishment other than a payment plan, when in fact other options existed (including loan rehabilitation, filing for bankruptcy and seek to discharge the debt with an undue hardship exemption, and objecting to the existence, amount or current enforceability of the debt. Because, after filing the Complaint in this matter, Defendant has produced a copy of an earlier letter sent to Plaintiff advising of his right to loan rehabilitation, Plaintiff is now seeking to delete this claim from the Complaint. Although Plaintiff believes that the omitting this loan-rehabilitation information from the letter at issue may still constitute an FDCPA violation, Plaintiff wishes to proceed only with the stronger of the two claims – the failure to give the wage-garnishment warnings and

the deceptive presentation of a false and deceptive pre-wage-garnishment letter so as to avoid having to give these warnings.

10. Plaintiff seeks to file an Amended Complaint, removing the claims related to the false implying that there were no alternative to a wage garnishment other than a payment plan. Plaintiff is not seeking to add any additional facts, claims or causes of action in the Amended Complaint.

11. Defendant would not be prejudiced by this amendment, as the Amended Complaint actually *takes away* one of the two claims.

12. Nevertheless, Defendant has refused to consent to the amendment and has refused even to discuss consent to the amendment.

13. Defendant has instead, threatened sanctions if the entire case is not dismissed immediately.

14. Again, after having carefully reviewed the documents produced by Defendant, Plaintiff is seeking to withdraw the weaker claim in the Complaint, but Defendant is refusing to stipulate to the withdrawal of the claim.

WHEREFORE, Plaintiff, by counsel, requests that this Honorable Court grant him leave to file the attached Amended Complaint.

5

Respectfully submitted.

**ATTILA BIBER**

By: /s/Thomas R. Breeden
Thomas R. Breeden
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
(703) 361-9277 Telephone
(703) 257-2259 Facsimile
trb@tbreedenlaw.com

Brian L. Bromberg
brian@brianbromberglawoffice.com
Bromberg Law Office, PC
26 Broadway, 21st Floor
New York, NY 10005
Tel (212) 248-7906
Fax (212) 248-7908
(Moving for Pro Hac Vice Admission)
*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of August, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Deborah J. Israel (VA Bar No. 32378)
Womble Carlyle Sandridge & Rice, LLP
1200 Nineteenth Street, NW, Suite 500
Washington, DC 20036
Telephone: (202) 857-4466
Facsimile: (202) 261-0034
Email: disrael@wcsr.com

_____/s/_____
Thomas R. Breeden, Esq. (VSB #33410)
THOMAS R. BREEDEN, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
(703) 361-9277 Telephone
(703) 257-2259 Facsimile
trb@tbreedenlaw.com