UNITED STATES DISTRICT COURT
DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**ATTILA BIBER**
**INDIVIDUALLY AND ON BEHALF OF**
**ALL OTHERS SIMILARLY SITUATED,**
**Plaintiff**

v.

**PIONEER CREDIT RECOVERY, INC.**

**Defendant**

CASE NUMBER:
1:16-cv-00804 TSE/IDD

AMENDED CLASS
ACTION COMPLAINT

TRIAL BY JURY
DEMANDED

August 18, 2016

## AMENDED COMPLAINT

### I. INTRODUCTION

1. Attila Biber brings this suit on behalf of himself and all those similarly situated against Pioneer Credit Recovery, Inc., a debt collector, on account of its misrepresentation of and non-compliance with federal student loan rehabilitation law as described more fully below in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

### II. JURISDICTION

2. Jurisdiction in this Court is proper under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. This Court has jurisdiction over the defendant and venue in this Court is proper, because the acts complained of occurred in this state and because the Plaintiff and the Class Members are residents of Virginia.

### III. PARTIES

4. Attila Biber is a natural person residing in Fairfax, Virginia.

5. The defendant Pioneer Credit Recovery, Inc. ("Pioneer") is a Delaware Corporation headquartered in Arcade, New York and is engaged in the collection of consumer debts. The Defendant uses instrumentalities of interstate commerce in the collection of debts. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant hereto, Defendant was a "debt collector" as that term is defined by the FDCPA.

### IV. FACTUAL ALLEGATIONS

6. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

7. The Plaintiff was a debtor with federal student loans that were placed into default status.

8. The Plaintiff's federal student loans were "debts" as that term is defined by the FDCPA.

9. The loans were was assigned to Pioneer for collection purposes.

10. Under 34 CFR §34.5, prior to initiating wage garnishment of student loans, Pioneer is required to send a notice of proposed garnishment, said notice to include an explanation of the debtor's rights, including, but not limited to, those rights found at 34 CFR §34.6. Those rights include the right to inspect and copy records related to the debt, to enter into a written repayment agreement to repay the debt, and to demand a hearing in accordance with 34 C.F.R. 34.8 related to the debt.

11. Prior to initiating wage withholding to collect on delinquent student loan payments, Pioneer sends a letter to Plaintiff and Class Members, entitled "Administrative Wage

        Garnishment Proceedings Notice". The letter is attached hereto as Exhibit A and is referred to as Letter A.

12.     In describing the wage garnishment process, Letter A states:

> This may be your last opportunity to make satisfactory payment arrangements on your student loan(s). If these arrangements are not made, we will begin or continue the process of verifying your employment for Administrative Wage Garnishment...

13.     In its "Administrative Wage Garnishment Proceedings Notice", Pioneer fails to provide the notice of rights under 34 CFR §34.6, as required by 34 CFR §34.5.

14.     In the alternative, if the "Administrative Wage Garnishment Proceedings Notice" is not the final notice provided to consumers prior to initiating wage garnishment, it falsely and deceptively implies that it is in order to create a false sense of urgency.

15.     The debt that Defendant sought to collect from Plaintiff was originally incurred for personal, family, or household purposes.

## V. CLASS ALLEGATIONS

16.     Paragraphs 1 through 15 18 are herein incorporated.

17.     Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a class initially defined as follows:

> All natural persons who are residents of Virginia who are similarly situated to the Plaintiff in that, within one year of the commencement of this action and continuing to the date that an order is entered certifying this class, Pioneer sent them a letter in a form substantially similar or materially identical to Exhibit A.

18. The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the class, although this information is known by the defendant and is readily ascertainable in discovery. Based upon information readily available concerning the defendant, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and accordingly alleges that there are hundreds and, in all probability, thousands of individuals in the class.

19. There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.

20. Plaintiff's claims are typical of those of the Class that she seeks to represent. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the putative class.

21. Plaintiff is represented by counsel competent and experienced in both consumer protection specific to student loans, and class action litigation, and she has no conflicts with the members of the Class.

22. The common questions of law and fact predominate over any individual questions, in that the letters are form letters, and any individual questions are subordinate to the common questions of whether Pioneer violated the FDCPA by misrepresenting the class members' rights under 34 C.F.R. §34.5.

23. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and

economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the defendants. Moreover, because most class members are unaware of their rights under 34 C.F.R. §34.5 to inspect and copy records related to the debt, to enter into a written repayment agreement to repay the debt, and to demand a hearing in accordance with 34 C.F.R. § 34.8 related to the debt, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

24. Injunctive relief is appropriate for the Class, under Fed. R. Civ. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members.

### VI. CLAIMS FOR RELIEF
FIRST CAUSE OF ACTION –
Claims for Violations of 15 U.S.C. §§ 1692 *et seq.*

25. Paragraphs 1 through 24 are herein incorporated.

26. Pioneer violated the FDCPA by falsely representing that it was going to perform an Administrative Wage Garnishment, without first providing the notices required by 34 CFR § 34.5 and 34.6. In the alternative, Pioneer falsely implied that the Administrative Wage Garnishment Proceedings Notice was the Notice of Proposed Garnishment required under 34 CFR §34.5. Pioneer's violations include, but are not limited to, the

following:

      A.     It falsely represented a it had the authority to garnish wages at the time of the letter, if payment arrangements were not made at that time, in violation of 15 U.S.C. § 1692e, 1692e(4), 1692e(5) and 1692e(10).

      B.     It falsely represented the character, amount or legal status of the debts, in violation of 15 U.S.C. § 1692e, 1692 e(2)(A) and § 1692e(10).

27.    Under 15 U.S.C. § 1692k, Pioneer is liable to the Plaintiff and the Class Members to whom it sent the letter.

WHEREFORE, the Plaintiff seeks on behalf of herself and the class members, class certification and statutory damages, actual damages, declaratory relief, and a reasonable attorney's fee, and costs, and such other relief the Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS AND ALL ISSUES**

          PLAINTIFF, Attila Biber, Individually And
          On Behalf Of The Class,

          _____
          Thomas R. Breeden, Virginia Bar No 33410
          Thomas R. Breeden, P.C.
          10326 Lomond Drive
          Manassas, Virginia 20109
          Tel (703) 361-9277, Fax (703) 257-2259
          trb@tbreedenlaw.com

          Brian L. Bromberg, Fed Bar No. ct26967
          brian@bromberglawoffice.com
          Bromberg Law Office, P.C.
          26 Broadway, 21st Floor

                        New York, NY 10004
                        Tel (212) 248-7906 Fax (212) 248-7908
                        Pro Hac Vice to be filed

## CERTIFICATE OF SERVICE

     I certify that on the _24th____ day of August, 2016 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Deborah J. Israel, VSB#32378
Womble Carlyle Sandridge & Rice, LLP
1200 Nineteenth Street, NW, Suite 500
Washington, DC 20036
Telephone : 202-857-4466
Facsimile : 202-261-0034
Email: disrael@wcsr.com

                        _____/s/_____
                        Thomas R. Breeden, Esquire
                        (VSB #33410)
                        THOMAS R. BREEDEN, P.C.
                        10326 Lomond Drive
                        Manassas, Virginia  20109
                        (703) 361-9277 Telephone
                        (703) 257-2259 Facsimile
                        trb@tbreedenlaw.com
                        *Counsel for Plaintiff*